CHARLES P. HAINES, Plaintiff in Error, against JAMES W. PAXTON, Defendant in Error.

ERROR TO THE DISTRICT COURT OF GOODHUE COUNTY.

The rendition of a judgment is the actual decision of the case by the Court that tries it, and not the perfection of that decision of record, and the time to appeal begins to run from the time the decision is filed by the Judge or Court. And where the rendition of the judgment was conditional upon the Defendant failing to answer within the time allowed him for that purpose, it was not consummate until the expiration of that time. A Writ of Error should have been issued within one year from that date.

Points and authorities of Defendant in Error :

The Defendant in Error moves to dismiss the writ in this cause upon the following grounds :

First.—That judgment below was rendered, and notice thereof given to the Plaintiff in Error on the 29th day of February, 1860, the writ of Error was not sued out until the 18th of April, 1861.

Second.—A Writ of Error can only be taken within one year after the rendition of Judgment. *See Amendment to Rev. Stat., p.* 13, *sec.* 31.

Third.—The rendition of judgment is the actual decision of the Court, and not the subsequent making up of the record. Hence the time within which an appeal, or Writ of Error may be taken under the statute, must commence to run from the time when the actual decision was made, and not from the time the record or roll was made up. *See* 3 *Minn. Rep.*, 20, *and authorities there cited.*

W. W. Phelps, Counsel for Plaintiff in Error.

J. Daniels, Counsel for Defendant in Error.

*By the Court.*—Flandrau, J.    This action was decided in the Court below upon demurrer to the complaint. On the 23d of February, 1860, the Court made an order overruling the demurrer to the complaint, and allowing the Defendant leave to answer within twenty days after service upon him of a copy of the order. On the 29th day of February, 1860, the Plaintiff's attorney served the order by mail, which allowed the Defendant forty days to answer, from the day of mailing the order. The forty days elapsed and the Defendant declined answering. The order then became final, and the Plaintiff was entitled to enter up judgment upon his complaint. He did not, however, enter his judgment of record until the 17th day of December, 1860. On the 18th day of April, 1861, the Defendant sued out a Writ of Error from this Court to the judgment, and the Plaintiff, Defendant in Error here, now moves to dismiss the writ as not having been taken within a year from the rendition of the judgment.

The rendition of a judgment is the actual decision of the case by the Court that tries it, and not the perfecting of that decision of record, and the time to appeal begins to run from

the time the decision is filed by the Judge or Court.  3 *Min.*, *R.*, 207.  In this case the rendition of the judgment was conditional upon the Defendant failing to answer within the time allowed him for that purpose, and was not consummate until the expiration ' of that time.   The Writ of Error should have been sued out within one year from the 9th day of April, 1860, that being the fortieth day from the service of the order. *Comp. Stats.*, 623, *sec.* 22.  The writ was not in time, and must be dismissed.